IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KYLE PURDY,                                             No. CIV S-11-1479-FCD-CMK-P

      Plaintiff,

  vs.                                                              FINDINGS AND RECOMMENDATIONS

NASEER, et al.,

      Defendants.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must

allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names Drs. Naseer and Smith, both of whom are prison physicians, as defendants to this action. Plaintiff alleges:

> Plaintiff had received an operation upon his neck and spine area. In August 2010, Dr. Smith and Dr. Naseer discontinued Plaintiff's prescription of Morphine, which was prescribed to reduce severe pain Plaintiff was experiencing from complications arising from the operation. Dr. Naseer, knowing Plaintiff is experiencing severe pain, has terminate the Morphine prescription and has left Plaintiff in severe pain. Even though a weak pain reliever was substituted, this does nothing for the pain. Dr. Smith knew Plaintiff was experiencing severe neck and spinal pain, yet stopped the Morphine prescription and left Plaintiff experiencing severe pain which continues. The pain is constant and interferes with Plaintiff's course of life day and night times.

Documents attached to the complaint indicate that plaintiff had been prescribed doses of Morphine three times a day and that the frequency of the doses was reduced to twice a day.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

1  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison
2  official must have a "sufficiently culpable mind."  See id.  A difference of opinion, however,
3  between the prisoner and medical providers concerning the appropriate course of treatment does
4  not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th
5  Cir. 1996).

6        This case amounts to a difference of opinion.  Plaintiff is of the opinion that he
7  should receive three doses of Morphine per day; defendants are of the opinion the doses should
8  be administered twice a day.  Plaintiff cannot sustain a § 1983 claim based on a difference of
9  opinion.

10        Because it does not appear possible that the deficiencies identified herein can be
11  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
12  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

13        Based on the foregoing, the undersigned recommends that this action be dismissed
14  with prejudice.

15        These findings and recommendations are submitted to the United States District
16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
17  after being served with these findings and recommendations, any party may file written
18  objections with the court.  Responses to objections shall be filed within 14 days after service of
19  objections.  Failure to file objections within the specified time may waive the right to appeal.
20  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: August 15, 2011

                                      _____
                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE